IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD BILIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-01432 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| MARCUS HARDY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants Marcus Hardy, Nancy Pounovich, Sandra Griffin, Shaun Bass, and Landria Dennis's motion to dismiss [69] is granted. This case is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendants and against Plaintiff. All other pending motions and hearing dates are stricken. Civil case terminated. See the accompanying Statement for details.

## STATEMENT

Plaintiff Richard Bilik, a prisoner currently confined at Pinckneyville Correctional Center, filed this lawsuit against Defendants Marcus Hardy, Nancy Pounovich, Sandra Griffin, Shaun Bass, and Landria Dennis alleging that he was subjected to unconstitutional conditions of confinement while an inmate at the Northern Reception and Classification Center ("NRC").[1] As alleged in the Third Amended Complaint, Bilik was assigned to the NRC from February 2010 to August 2010. (Third Am. Compl. ¶ 5, Dkt. No. 66.) While Bilik was at the NRC, he was served meals that were cold, "infected with mice and bugs," and insufficient in size. (*Id.* ¶¶ 10, 11.) His cell, which he was confined to virtually around the clock, was infested with bugs. (*Id.* ¶ 12.) Bilik was also denied access to cleaning supplies for his cell, which was filthy. (*Id.* ¶ 13.) Bilik contends that all Defendants had knowledge of the inhumane conditions of his confinement at the NRC and took no action to remedy those unconstitutional conditions. (*Id.* ¶ 14.)

Under Federal Rule of Civil Procedure 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the

---

[1] Bilik filed his original Complaint, his Amended Complaint, and his Second Amended Complaint *pro se*. On September 16, 2015, the Court assigned counsel to represent Bilik. This assigned counsel was prepared and filed the Third Amended Complaint, which is the operative complaint and the subject of Defendants' motion. Defendants filed their motion to dismiss on April 5, 2016. Before Bilik's response was due, the Court granted appointed counsel's motion to withdraw from representation of Bilik and declined to assign new counsel. Consequently, Bilik filed his response to the motion to dismiss *pro se*.

defendant fair notice of the claim and grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the complaint need not contain detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In their motion to dismiss, Defendants argue that Bilik's complaint is barred by the statute of limitations because it was filed nearly two-and-a-half years after Bilik left the NRC. In his response, Bilik does not dispute that he filed his complaint outside of the limitations period but instead argues that the limitations period is subject to equitable tolling due to the exceptional circumstances associated with his case.[2]

Failure to file within the limitations period is an affirmative defense. Fed. R. Civ. P. 8(c). Generally, complaints do not have to anticipate affirmative defenses to survive a motion to dismiss. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, there is an exception when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.* That is the case here.

Both Bilik and Defendants agree that Bilik's claims accrued in August of 2010, when he left the NRC. As such, the two-year limitations period expired in August 2012. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) ("Section 1983 suits in Illinois have a two-year statute of limitations."). Bilik filed his complaint on February 22, 2013, almost six months after the limitations period had expired. Thus, Bilik had two years to file any claims against Defendants after the left the NRC, and he was still late by almost six additional months.

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotation marks omitted). Due to this high standard, "[e]quitable tolling is rarely granted." *See Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir.2008). Construing Bilik's response liberally, he argues that equitable tolling should apply to extend the time for him to file this case due to: (1) his ignorance of the law, (2) his inability to adequately access the prison's law library, and (3)

---

[2] Bilik also argues that the doctrine of laches applies to his situation. This argument is misplaced since this defense "bars a ***plaintiff*** from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (emphasis added). The argument is inapposite directed to Defendants here.

his transfer from Stateville to Lawrenceville. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed) (internal quotation marks omitted).

First, Bilik argues that his ignorance of the law prevented him from timely filing a claim. However, the Seventh Circuit has held that "lack of legal expertise is not a basis for invoking equitable tolling." *Tucker*, 538 F.3d at 735; *see also Socha*, 763 F.3d at 685 ("Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Additionally, Bilik is an experienced federal court litigator. Indeed, he is a plaintiff in no less than eight other federal cases.[3]

Second, Bilik asserts that he was unable to research and compose his complaint due to inadequate access to the law library. Limited access to a prison law library is not an extraordinary circumstance. *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (affirming denial of equitable tolling claim where plaintiff alleged that he did not have access to the law library for 60 days and, more generally, "the state of Illinois limits access to the law library for all prisoners"); *Tucker*, 538 F.3d at 735 ("[W]e have held that a prisoner's limited access to the prison law library is not grounds for equitable tolling."). Additionally, the veracity of this claim is belied by the fact that Bilik managed to file four other cases in 2012 while incarcerated. All four of those cases were filed before the August 2012 statute of limitations deadline for this case. Not only was Bilik able to compose and file four complaints in 2012. Lack of law library access did not prevent Bilik from filing a complaint involving similar facts before August 2012, and it strains credibility to find that it prevented him from timely filing his complaint in this case.

Third, Bilik argues that he was not able to file this matter in a timely fashion because he was transferred from Stateville Correctional Center to Lawrence Correctional Center around October or November of 2012. Notably, Bilik's complaint was already late by the time of this transfer, so it is unclear how the transfer could have affected his ability to file a timely claim. Further, even assuming that the transfer caused some disruption, it would not explain a six-month filing delay. *See also Denton v. United States*, 440 F. App'x 498, 503 (7th Cir. 2011) ("[B]eing transferred between facilities is not an extraordinary circumstance.").

For the foregoing reasons, the Defendants' motion to dismiss is granted. Bilik's complaint is dismissed with prejudice.

Dated: March 31, 2017

_____
Andrea R. Wood
United States District Judge

---

[3] The Court takes judicial notice of information available to the public about cases in which Bilik is the plaintiff. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("We can take judicial notice of prior proceedings in a case involving the same litigant.").

3